IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| PHILLIP BROWN, ) | |
| parent and next friend of P.L., a minor ) | |
| 734 Marietta Place, NW ) | |
| Washington, D.C.  20011 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| BARBARA JORDAN P.C.S. ) | |
| 100 Peabody Street, NW, 3rd Floor ) | |
| Washington, D.C.  20011 ) | |
| ) | |
| serve: ) | |
| ) | |
| HENDERSON WALKER, ) | |
| Registered Agent ) | |
| 7600 Georgia Avenue, NW, #204 ) | |
| Washington, D.C. 20012 ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF**

COME NOW, Plaintiffs, by and through their attorneys, Tilman L. Gerald and Roxanne D. Neloms, James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive, and Other Relief respectfully represent unto this Honorable Court as follows:

**PRELIMINARY STATEMENT**

1. This is an action for full reimbursement of attorneys' fees and costs incurred by Plaintiffs in their claims against the Defendant pursuant to the Individuals

1

with Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendant has failed to carry out its legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to obtain the full reimbursement due them.

## JURISDICTION

2. This Court has jurisdiction pursuant to:

   a. The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

   c. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4. Plaintiffs are a child eligible to receive special education from the District of Columbia as defined by the IDEIA and Section 504, and his parent or guardian, who, at all times relevant to this action, were residents of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEIA. The parent brings this action on behalf of the child and in his own right, and the minor Plaintiff is designated as follows:

At all times relevant hereto, Phillip Liverpool was a student in the Barbara Jordan Public Charter School's ("BJPCS") Special Education Program in the District of Columbia. On or about August 31, 2004, Plaintiffs, by and through counsel, filed a hearing request,

alleging that DCPS and BJPCS violated the Individuals with Disabilities Education Act ("IDEA") by not allowing the student to re-enroll at BJPCS for the 2004-2005 school year, thus changing his placement, and by failing to follow appropriate procedures in expelling the student. For relief, Plaintiffs asked that BJPCS immediately allow the student to enroll at its facility and fund five hours of independent tutoring services for each day that the student was improperly excluded from his placement. On or about October 1, 2004, Plaintiffs appeared before an Impartial Administrative Hearing Officer, who ordered BJPCS to conduct a Functional Behavior Assessment by November 12, 2004; convene an MDT meeting, to which DCPS shall be invited as the State Educational Agency ("SEA"), to develop a Behavior Intervention Plan ("BIP"), update the Individualized Educational Program ("IEP"), discuss placement alternatives; and afford the parent an opportunity to participate in any meeting in which the student's placement is discussed or determined. The parent was authorized by the Hearing Officer to obtain one hour of independent tutoring services in subjects for which the student receives specialized education for each school day, beginning on September 1, 2004 and ending on the day the student enrolls in an uncontested placement pursuant to the MDT meeting. Plaintiffs prevailed as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $8,776.28 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant has refused to reimburse the parent for his attorneys' fees and costs without reason. As a result, $8,776.28 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application with invoice, are attached hereto as EXHIBITS 1, 2, and 3.

5. Barbara Jordan Public Charter School is its own Local Education Agency ("LEA").

## FACTUAL ALLEGATIONS

6. On or about November 22, 2004, Plaintiffs timely submitted their claims for reimbursement of reasonable attorneys' fees and costs to Defendants.

7. That Defendant has refused and failed to pay Plaintiffs' Attorney Fee Applications without reason.

8. That Defendant refuses to make full reimbursement of Plaintiffs' reasonable attorneys' fees and costs.

9. That a party prevails if resolution of the dispute causes "material alteration" of the "legal relationship between the parties," and the Plaintiff obtains "at least some relief on the merits of his claim" that "directly benefit[s] him at the time of the judgment or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

10. That, in accordance with the law, Plaintiffs herein are prevailing parties.

11. That Plaintiffs, such as those herein, who prevail under the IDEIA, 20 U.S.C. § 1400 *et seq.*, in an administrative proceeding or in a court action against the Defendant, may recover "reasonable" attorneys' fees.

12. That the amount of attorneys fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

13. That the rate for "reasonable" attorneys' fees has been set by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888

(D.D.C. 1993).

14.     That the attorney's current billing rates, as evidenced by the invoices attached as EXHIBITS hereto, are reasonably consistent with the prevailing market rate and the hours claimed were reasonable and necessary rather than excessive as claimed by Defendant.

15.     That Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

16.     That in all instances herein, the Defendant's refusal to pay and/or denial of Plaintiffs' Attorney Fee Applications is arbitrary, capricious and without a basis in law or fact.

17.     That this Court and the IDEIA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties, such as the Plaintiffs herein.

18.     That Defendant has summarily refused to pay Plaintiffs' applications for all costs associated with their case.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.     Enter an Order directing Defendant to pay any and all reimbursement to the Plaintiffs as and for Attorneys' Fees.

2.     Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiffs as and for Costs.

3.     Award each Plaintiffs' pre-judgment interest on each award.

    4.    Award to Plaintiffs attorneys' fees and costs incurred in initiating the instant lawsuit.

    5.    Award such other relief as may be just and proper.

Respectfully Submitted,

_____
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
**Attorneys for Plaintiffs**