```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF COLUMBIA
```

**PHILLIP BROWN,**          *

   Plaintiff          * Case No. 1:06CV01458

v.                          * Judge Richard J. Leon

**BARBARA JORDAN P.C.S.,**  * Deck Type: Administrative Agency Review

   Defendant          *

<u>**ANSWER TO COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF**</u>

COMES NOW the Defendant, Barbara Jordan P.C.S., by and through undersigned counsel, and answers the Complaint for Declaratory, Injunctive and Other Relief filed by the Plaintiff, Phillip Brown, as follows:

**I. General Responses.**

1. Defendant admits the allegations set forth in Paragraph 1 of the Complaint, but adds that the failure of the Defendant described therein is justified as will be described hereinbelow.

2. Paragraphs 2 and 3 of the Complaint are statements of Jurisdiction and Venue which the Defendant can neither admit nor deny.

3. Defendant admits in part, and denies in part, the allegations set forth in Paragraph 4 of the Complaint. Defendant admits Plaintiff's description of their standing in this matter, that pursuant to such Plaintiff filed a hearing request alleging that Defendant violated the Individuals With Disabilities

Education Act ("IDEA") and requesting the relief stated, that a hearing was held before an Impartial Administrative Hearing Officer on or about October 1, 2004, and that Plaintiff's attorney submitted an invoice for reimbursement of attorney's fees and costs. Defendant denies each and every other allegation in said Paragraph and demands strict proof thereof.

    4. Defendant admits the allegations set forth in Paragraphs 5 and 6 of the Complaint.

    5. Defendant denies the allegations set forth in Paragraphs 7 and 8 of the Complaint and demands strict proof thereof.

    6. Paragraphs 9 through 13 of the Complaint state legal conclusions which Defendant can neither admit nor deny, but the application of which to the case at bar the Defendant would contest.

    7. Defendant denies the allegations set forth in Paragraphs 14 through 16 of the Complaint and demands strict proof thereof.

    8. Paragraph 17 of the Complaint states a legal conclusion which the Defendant can neither admit nor deny.

    9. Defendant admits the allegations set forth in paragraph 18 of the Complaint, but ads that Defendant's conduct as described therein is fully justified.

**II. First Affirmative Defense.**

    10. On October 21, 2004, an Administrative Hearing Officer

issued a decision in the matter filed on behalf of the Plaintiff's son against the Defendant which stated, in pertinent part, as follows:

"... pursuant to 34 CFR Section 300.525(b), the hearing officer concludes that BJPCS violated provisions of 34 CFR Section 300.523. Section 300.523(c) requires a series of steps and analyses that BJPCS bypassed in its rush to expel Petitioner. BJPCS also violated 34 CFR Section 300.520(b), which requires it to address Petitioner's behavioral problems in cases involving suspensions and expulsions." (See p.6 of Plaintiff's Exhibit 2)

"This is the final administrative decision in this proceeding. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision." (See p.8 of Plaintiff's Exhibit 2)

11. Despite the fact that said Decision was issued and entered on October 21, 2004, the Student Hearing Office did not communicate the same to the Defendant or to his counsel. Defendant's counsel did not become aware of the decision until November 22, 2004, when Plaintiff's counsel communicated the same to him along with the request for fee reimbursement at issue herein. A copy of the transmittal letter from Plaintiff's counsel to Defense counsel is attached hereto as Exhibit "A".

12. Defense counsel immediately inquired of the Student Hearing Office as to how and why the Hearing Officer's Decision had not been communicated to his office. On December 3, 2004,

Counsel was informed by Sheila Hill, Director of Operations for the Student Hearing Office that HOD's were transmitted via fax only on the date of issuance and that the HOD in question had been faxed only to the Petitioner and to the General Counsel for DCPS, but not to Counsel for BJPCS. Ms. Hill's written Statement of Fact to this effect is attached hereto as Exhibit "B".

13. Because of the failure of the Student Hearing Office to timely communicate the Hearing Officer's Decision to the Defendant or defense counsel, the Defendant was denied the statutory right as a party aggrieved thereby to bring a civil action to contest the same. Defendant's thirty day period in which to file such an action expired two days before Plaintiff's counsel attached a copy of the HOD to its claim for fees pursuant thereto.

14. That Defendant would likely have prevailed in such an action is evident from the stated regulatory bases for the Hearing Officer's Decision. Section 300.520(b) of 34 CFR requires an educational institution to conduct a functional behavioral assessment and begin the process of development of an individualized education plan within 10 days of a student's suspension or expulsion. Section 300.523(c) of 34 CFR lists certain specific factors and evidence which must be considered before reaching a determination that a student's behavior is not

a manifestation of his disability. On September 7, 2004, within 10 business days of Plaintiff's son's expulsion, Defendant held a meeting of the student's Multidisciplinary Team (MDT) which complied fully with the requirements of these two regulations. A copy of the Meeting Notes of this meeting is attached hereto as Exhibit "C". The Hearing Officer's conclusions that the Defendant violated these regulations are therefore clearly erroneous as a matter of law.

15. The Defendant's failure to make payment of Plaintiff's demand for fees and costs is entirely justified in the wake of the denial to the Defendant of the right to appeal the clearly erroneous decision in which the Plaintiff's son prevailed.

**III. Second Affirmative Defense.**

16. The Complaint is barred by laches.

**IV. Third Affirmative Defense.**

17. The Complaint is barred by estoppel.

**V. Fourth Affirmative Defense.**

18. The Complaint is barred by duress.

**VI. Fifth Affirmative Defense.**

19. The fees claimed are excessive in violation of 34 CGR Section 300.514 (c)(4)(ii and iii).

WHEREFORE, the Defendant prays that the relief sought by the Plaintiff be denied.

Respectfully submitted,

MADDOX, HOPPE, HOOFNAGLE & HAFEY, L.L.C.


By _____
   Jon A. Hoppe, Esquire (438866)
   Counsel for Defendant
   1050 Seventeenth Street, NW #1000
   Washington, D.C. 20036
   (202) 776-0647

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2006, a true copy of the foregoing Answer was mailed, postage prepaid, to Tilman L. Gerald, Esquire and Roxanne D. Neloms, Esquire, James E. Brown and Associates, PLLC, 1220 L Street, NNW #700, Washington, D.C. 20005.


_____
Jon A. Hoppe

**EXHIBIT "A"**

**EXHIBIT "B"**

**EXHIBIT "C"**

Case 1:06-cv-01458-RJL    Document 3    Filed 10/03/2006    Page 9 of 9