IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILLIP BROWN,** ) | |
| parent and next friend of P.L., a minor ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No.: 06-01458 (RJL) |
| ) | |
| **BARBARA JORDAN P.C.S.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiffs, by and through their attorneys, Tilman L. Gerald, Esquire and Roxanne D. Neloms, pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Defendants, jointly and severally, for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

Wherefore, these premises considered, Plaintiffs respectfully pray that this Honorable Court grant their motion to present oral argument

Respectfully Submitted,
/s/
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
(202)742-2000
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP BROWN, ) | |
| parent and next friend of P.L., a minor ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 06-01458 (RJL) |
| ) | |
| BARBARA JORDAN P.C.S. ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
SUBMITTED IN SUPPORT OF THE PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT

COMES NOW, the Plaintiffs, by and through their attorneys, Tilman L. Gerald and Roxanne D. Neloms of James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Their Motion for Summary Judgment, respectfully represent unto this Honorable Court as follows:

INTRODUCTION

In the instant matter, Plaintiffs are seeking reimbursement of reasonable attorneys' fees pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA). Plaintiffs are seeking reimbursement of reasonable attorneys' fees in above-referenced matter because they were successful at the administrative level in securing some or all the relief requested in their August 31, 2004 Hearing Request, thereby conferring "prevailing party status" upon them pursuant to 20 U.S.C. 1415.

On November 22, 2004, Plaintiffs through counsel submitted an invoice to the Defendant requesting

2

reimbursement of reasonable attorneys' fees. *See Original Complaint Exhibit 3.* To date, the Defendant has neither reimbursed the Plaintiffs the reasonable attorneys' fees as requested nor provided Plaintiffs with a reasonable explanation or basis for its failure to remit payment within a reasonable time after receipt of the referenced invoices. In light of the failure of the Defendant to reimburse the reasonable attorneys' fees in a timely manner and its continued failure to provided a suitable explanation, Plaintiffs could reasonably infer that the Defendant had denied the Plaintiffs' request for reimbursement.

In its papers, the Defendant has alleged that it is not the party liable for the attorneys' fees claimed, that the Plaintiffs' claim is barred, among other things, by laches, and that the Defendant had no knowledge of the October 21, 2004 Hearing Officer Determination at the center of this action. *See Administrative Record at HOD 1-8.* For the following stated reasons and arguments, Plaintiffs respectfully request this Honorable Court to grant the their Motion for Summary Judgment.

## I. STANDARD OF REVIEW

### A. Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate *when the pleadings and the evidence demonstrate that " . . . there is no genuine issue as to any* material fact and that the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists . . . " The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). The party seeking summary judgment may successfully support its motion by informing the district court of the basis of its motion and identifying those portions of the record including the pleadings,

depositions, answers to interrogatories, as well as admissions on file together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. Fed.R.Civ.P. 56(c).

There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *also Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50. "Summary judgment is appropriate if the non-movant fails to offer evidence on which the jury could find for the [non-movant]." See *Holbrook v. Reno,* 196 F.3d 255, 259-60(D.C. Cir. 1999); see also *Anderson, supra.,* at 249-50.

Once a proper summary judgment motion is filed, the burden then shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED.R.CIV. P. 56(e); *Anderson*, 477 U.S. at 250. The non-moving party, to establish that a genuine issue for trial exists, must do more than simply show there is some ephemeral doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586. Because of the foregoing stated by the Plaintiff's in this matter, the Motion for Summary Judgment should be granted.

## II. ARGUMENT

### A. PLAINTIFFS ARE THE PREVAILING PARTIES

Plaintiffs are prevailing parties as defined by the Court *Select Milk Producers, Inc. v.*

*Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(i.e., material alteration of the parties and are entitled to reimbursement for reasonable attorney fees). Accordingly, this Honorable Court has the authority, pursuant to 20 U.S.C. §1415(i)(3)[1] of the IDEIA, to award those fees. Under the IDEIA, parents who prevail at the administrative level in securing special education services and benefits for their children are entitled to seek reimbursement of reasonable attorneys' fees. The right to reimbursement of reasonable attorneys' fees is a well settled principle in special education law. In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia, in interpreting the former controlling statutes, the Education of the Handicapped Act ("EHA") and the Handicapped Children's Protection Act ("HCPA") allowing an independent cause of action for attorneys' fees, held that the courts may award parents attorney fees upon prevailing in administrative matters. See *Moore v. District of Columbia*, 907 F.2d 165 (1990).

In *Select Milk Producers, Inc. V. Johanns*, 400 F. 3d 939 (D.C.Cir 2005), the Court outlined the prongs that a party must satisfy to achieve "prevailing party"status and while noting that prevailing party status may be obtained through litigation on the merits, the Court also indicated that settlement agreements enforced through consent decrees may also serve as a basis for an award of attorneys' fees. Judge Edwards, in *Select Milk*, agreed with the three-prong test set forth in *Buckhannon*, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial

---

[1] 20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

5

pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001); see also *Santamaria v. Dist of Columbia*, CV-00577(RWR)(February 7, 2007).

Applied to the facts of this case, it is very clear that "prevailing party status" is aptly conferred upon the Plaintiffs. To wit, in their hearing request filed on August 31, 2004, Plaintiffs alleged that the Defendant violated the IDEA by denying the student access to his educational placement; by failing to comply with applicable disciplinary procedures; and denying the student with access to a free and appropriate education. ***See AR at PL 6-15.***

The hearing was held on October 1, 2004 and soon after on October 21, 2004, in the Hearing Officer's Determination, the Hearing Officer noted that BJPCS had not sustained its burden and among others things, ordered that on or before November 12, 2004, BJPCS complete a functional behavioral assessment and to convene an MDT meeting to develop the IBP, update the IEP, and discuss placement alternatives. BJPCS was further ordered to provide P.L. with one hour of independent tutoring services for specialized instruction he was forced because of his expulsion from August 21, 2004 to October 21, 2004. The Hearing Officer in his finding of facts and conclusions of law, determined that despite the behavior problems P.L. continuously displayed at school and the suicidal episode, the Defendant failed to develop an IBP prior to expelling P.L. without the benefit of a manifestation meeting. He found that the "petitioner exhibited 'escalating behaviors' leading up to the incident on June 16th. Therefore, BJPCS certainly was aware that Petitioner was a child whose emotional." ***See Original Complaint Exhibit 2 and HOD 1-8.*** Therefore, BJPCS cannot gainsay that the findings and conclusions of the hearing officer resulted in a direct benefit realized

by P.L. thus legally and materially altering their relationship. The Defendant, cannot in good faith ignore that the Plaintiffs are prevailing parties pursuant to the IDEIA.

### B. THE PLAINTIFF'S CLAIM IS NOT BARRED BY LACHES

The Defendant, in its papers, asserts laches as an affirmative defense. Such an affirmative defense does not apply to the case at bar. Essentially, the Defendant is arguing that the Plaintiffs are estopped from bringing this matter before this Court because they did not do so timely. The burden is on the Defendant to demonstrate why it believed the Plaintiffs did not exercise their right to pursue their claim. The Plaintiffs in this matter requested that the Defendant reimburse her for attorney fees on November 22, 2004. ***See Original Complaint Exhibit 3***. In that letter the Plaintiffs sought $8,776.28 as reimbursement of reasonable attorneys' fees. The Defendant did not respond to the Plaintiffs request nor did it file an appeal. Thus, the Defendant cannot now affirmatively assert laches as a defense. In other words, the Defendant cannot have reasonably believed that the Plaintiffs would not have instituted an action seeking reimbursement of fees.

The statute of limitations had not run as the Defendant would have this Court to believe and moreover, the Plaintiffs did not take an unreasonable amount within which to file this action. In *Kaseman v. DC.*, 41 IDELR 236 (DC 2004), the applicable statute of limitations is § 12-310(8) of the D.C. Code, as amended, which contains a three year statute of limitations applies in the District of Columbia for IDEA attorney fee actions. *Id.* at 1002. The *Kaseman* Court reasoned that:

> "[b]ecause district courts have the exclusive jurisdiction to award attorney's fees is not akin to an appeal from an administrative decision, and thus, importing the statute of limitations for appeals would be inappropriate. A longer limitation period, moreover, provides a more realistic opportunity for the negotiation and settlement of fee petitions, thereby hopefully minimizing the need to turn to federal courts with unnecessary, often burdensome, attorney fee litigation.

See *Kaseman*, supra.

"When [a] statute is clear on its face, resort[ing] to the legislative history, much less to the agency's interpretation, is not necessary." *Eagle-Picher Indus. Inc. v. Envtl. Prot. Agency*, 759 F.2d 922 (D.C.Cir.1985). Thus, the Plaintiff requested that the Defendant reimbursed them for reasonable attorney fees incurred in November 2004. The Defendant did not respond nor did it explain its refusal to honor their request for attorneys fees. Since remittance was not made, the Plaintiffs reasonably inferred that the Defendant had no intentions of reimbursing them for reasonable attorneys fees. See *Kropinski v. World Plan Executive Council- US,* 853 F. 2d 948, (C.A.D.C. 1988)(statute of limitations begins to run at time when prospective plaintiff knows or should known through exercise of due diligence of his rights to recover). Thus, applying the three year statute of limitations to this claim, the Plaintiff had until November 22, 2007, to file her complaint seeking the reimbursement of reasonable attorney fees. The Defendant's argument regarding laches is flawed and as a result, this Court should find that the Plaintiffs' complaint was filed within the time prescribed by the statute.

### III. CONCLUSION

Therefore, for the above reasons the Plaintiffs respectfully request that this Honorable Court enter an Order granting the Plaintiffs' Motion for Summary Judgment.

Respectfully Submitted,

   /s/
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
(202)742-2000
***Attorneys for Plaintiffs***

8