IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP BROWN,                *

   Plaintiff              * Case No. 1:06CV01458

v.                            * Judge Richard J. Leon

BARBARA JORDAN P.C.S.,        * Deck Type: Administrative Agency Review

   Defendant              *

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, Barbara Jordan P.C.S., by and through undersigned counsel, and Opposes the Motion for Summary Judgment filed by the Plaintiff, Phillip Brown, as follows:

**I. Introduction.**

Plaintiff claims that there is no genuine dispute of the material fact that he is a prevailing party in a claimed violation of the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. @@ 1400-1461 (hereinafter "IDEIA") and that, such, he is entitled to reimbursement for attorney's fees as a matter of law. Defendant responds that Plaintiff's claim for attorney's fees is untimely and should be dismissed.

**II. Standard of Review.**

Plaintiff inaccurately states that Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when the pleadings and evidence demonstrate that

there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Plaintiff also inaccurately states that Rule 56(e) of the Federal Rules of Civil Procedure provides that in order to prevail in opposition to his Motion for Summary Judgment, Defendant must produce specific facts showing there is a genuine issue for trial.

In fact, a summary judgment motion in an IDEIA action differs from an ordinary summary judgment motion because the existence of a disputed issue of material fact will not defeat the motion. Federal courts reviewing administrative determinations under the IDEIA must base their decisions on the preponderance of the evidence, taking into account not only the record from the administrative proceedings, but also any further evidence presented before the District Court by the parties. See <u>J.R. v. Board of Education of City of Rye School District</u>; 345 F.Supp.2d 386 (S.D.N.Y., 2004).

**III. Argument.**

On October 21, 2004, an Administrative Hearing Officer issued a decision in the matter filed on behalf of the Plaintiff's son against the Defendant which stated, in pertinent part, as follows:

"Petitioner is the prevailing party in this proceeding" (See p.6 of Plaintiff's Exhibit 2); and

"This is the final administrative decision in this proceeding. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision." (See p.8 of Plaintiff's Exhibit 2)

Despite the fact that said Decision was issued and entered on October 21, 2004, the Student Hearing Office did not communicate the same to the Defendant or to his counsel. Defendant's counsel did not become aware of the decision until November 22, 2004, when Plaintiff's counsel communicated the same to him along with the request for fee reimbursement at issue herein (See Exhibit "A" to Answer to Complaint). Defense counsel immediately inquired of the Student Hearing Office as to how and why the Hearing Officer's Decision had not been communicated to his office. On December 3, 2004, Counsel was informed by Sheila Hill, Director of Operations for the Student Hearing Office that HOD's were transmitted via fax only on the date of issuance and that the HOD in question had been faxed only to the Petitioner and to the General Counsel for DCPS, but not to Counsel for BJPCS. (See Exhibit "B" to Answer to Complaint).

Judicial review of an agency decision under the IDEIA is a statutory right per 20 U.S.C. @ 1415(i)(2). The statute places

no time limit on judicial review, so the courts have "borrowed" a thirty day time limit – and certain equitable tolling principles thereon – from Rule 15 of the District of Columbia Court of Appeals. <u>Spiegler; et. al. v. District of Columbia</u>; 866 F.2d 461 (D.C. Cir., 1989). This limitation period has been held to be mandatory and jurisdictional (see <u>Stone v. D.C. Department of Employment Services</u>; 707 A.2d 789 (D.C., 1998)) and to apply to claims for reimbursement for attorney's fees under the IDEIA (see <u>Abraham; et. al. v. District of Columbia</u>; 338 F.Supp.2d 113 (D.D.C., 2004)). The limitation is equitably tolled by failure of actual notice to a party (see <u>Harris v. Williams</u>; 276 F.Supp.2d 85 (D.D.C., 2003)), by post-decision requests for reconsideration or the exhaustion other administrative remedies (see <u>R.S. v. District of Columbia</u>; 292 F.Supp.2d 23 (D.D.C., 2003)), and where the limitation period was not stated in the decision (see <u>Spiegler, supra</u> and <u>Abraham, supra</u>).

The Hearing Officer's Decision on October 21, 2004 clearly and unequivocally referred to the Plaintiff as the "prevailing party" and equally clearly and unequivocally stated the statute of limitations for judicial review. It was therefore incumbent upon the Plaintiff to timely seek reimbursement for fees and to take judicial action to recover the same. Plaintiff did neither. Counsel for Plaintiff did not even begin the process of seeking

-4-

reimbursement until November 22, 2004 - two days after the statute of limitations had run. And Plaintiff did not file the instant action until August 18, 2006 – nearly 23 months after the statute of limitations had run.

If any party would have a claim to equitable tolling of the statute of limitations with regard to judicial review in this matter, it is the Defendant. Because of the failure of the Student Hearing Office to timely communicate the Hearing Officer's Decision to the Defendant or defense counsel, the Defendant was denied not only the statutory right as a party aggrieved thereby to bring a civil action to contest the same, but also any opportunity within the limitations period to engage in any conduct which might have equitably tolled the limitation. Defendant's thirty day period in which to file such an action (or to either request reconsideration by the Hearing Officer or exhaust any other administrative remedies) expired two days before Plaintiff's counsel attached a copy of the HOD to its claim for fees pursuant thereto. The denial of Defendant's statutory right to bring a civil action to contest the Hearing Officer's decision (or even to equitably toll the limitation upon the same) calls into question the fundamental fairness and equity of departing from the "American Rule" as to attorney's fees and shifting that burden to the Defendant. The statute of

limitations should not be circumstantially manipulated simultaneously to cut off one party's right to judicial review while extending another's right to extraordinary relief. The Plaintiff's Motion for Summary Judgment should be denied.

**IV. Conclusion**

The Plaintiff's demand for attorney's fees and his filing of the Complaint in this matter are both beyond the scope of the applicable statute of limitations.

WHEREFORE, the Defendant prays for the following relief:

a. That the Plaintiff's Motion for Summary Judgment be denied; and

b. That the Defendant be afforded such other and further relief as the nature of its cause may require.

Respectfully submitted,

MADDOX, HOPPE, HOOFNAGLE & HAFEY, L.L.C.


By _____/s/_____
    Jon A. Hoppe, Esquire (438866)
    Counsel for Defendant
    1050 Seventeenth Street, NW #1000
    Washington, D.C. 20036
    (202) 776-0647

-6-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April, 2007, a true copy of the foregoing Memorandum was mailed, postage prepaid, to Tilman L. Gerald, Esquire and Roxanne D. Neloms, Esquire, James E. Brown and Associates, PLLC, 1220 L Street, NW #700, Washington, D.C. 20005.


_____/s/_____
Jon A. Hoppe