UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PHILLIP BROWN** | : | |
| Parent and next friend of P.L., a minor | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 06-cv-01458(RJL) |
| v. | : | |
| | : | |
| **BARBARA JORDAN PUBLIC** | : | |
| **CHARTER SCHOOL** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S REPLY TO THE DEFENDANT'S OPPOSITION
TO HIS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Phillip Brown, parent and next friend of P.L., a minor, by and through counsel, Tilman L. Gerald, Roxanne D. Neloms, and James E. Brown & Associates, PLLC, and hereby submits his Reply to the Defendant's Opposition to his Motion for Summary Judgment:

In its Opposition to Plaintiff's Motion for Summary Judgment, Defendant Barbara Jordan Public Charter School concedes that Plaintiff was the prevailing party at the administrative due process hearing, having been declared so by the Impartial Hearing Officer in the Hearing Officer's Determination issued on October 21, 2004. The gravamen of the Defendant's Opposition is that Plaintiff made his demand for attorneys' fees and filed his complaint seeking reimbursement of reasonable attorney's fees untimely. To support its contention, the Defendant refers this court to a line of cases that held that the applicable statute of limitations is thirty (30)days. See *Speigler et al., v. District of Columbia*, 866 F.2d 461, (D.C. Cir. 1989). However, the contention of the Defendant is not supported by the holding in *Speigler*, *supra.,* as *Speigler* has been limited to the appeal of a substantive determination rather than a claim for reimbursement of attorney's fees brought under

§1415(i)(2)(A) of IDEIA or its predecessor IDEA.

This issue was considered in *Kaseman v. District of Columbia*, 41 IDELR 236 (D.C. 2004). In *Kaseman*, the District of Columbia asserted that Plaintiff's claim for reimbursement of reasonable attorneys' fees was time barred because the Plaintiff's complaint was not filed within the 30 days after the Hearing Officer's Determination was issued. After a thorough, if not exhaustive analysis, Judge Huvelle, agreeing with two other courts in this jurisdiction in following the holding in *Zipperer v. Sch. Bd. Of Seminole County, Fla.*, 111 F.3d 847 (11th Cir. 1997), held that the applicable statute of limitations that applies to attorney's fees is the three- year statute provided by D.C. Code § 12-301(8). The court further noted that " . . . [B]ecause district courts have the exclusive jurisdiction to award attorney's fees under section 1415(3)(B) 0f IDEA, an action for attorney's fees is not akin to an appeal from an administrative decision, and thus, importing the statute of limitations for appeals would be inappropriate..." Accordingly, the Defendant's argument that Plaintiff's complaint, filed on August 18, 2006, was outside the applicable limitation period is of no moment. The record indisputably adumbrates that the complaint was filed within well within three years from October 21, 2004, the date the Hearing Officer's Determination was issued.

In conclusion, the Defendant has put forth neither a plausible nor reasonable argument that would effectively negate Plaintiff's claim for reimbursement of reasonable attorney's fees claim in the complaint pending resolution before this court. Further, Plaintiff notes that the Defendant did not attach a statement disputing the material facts that Plaintiff asserts are not in dispute as required by Local Rule 7(h). Accordingly, those facts are deemed admitted and uncontroverted. See *Securities and Exch. Comm'n v. Banner Fund Int'l*, 211 F.3d 602, at 616 (D.C. Cir. 2000).Therefore, Plaintiff's Motion for Summary Judgment is essentially unopposed and should be granted.

        Respectfully Submitted,

        _____/s/_____
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
***Attorneys for Plaintiffs***