UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 1 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| PHILLIP BROWN, )<br>Parent and Next Friend of P.L, )<br>a minor )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>BARBARA JORDAN P.C.S. )<br>)<br>    Defendant. ) | No. 06cv1458 (RJL) |

## MEMORANDUM OPINION
(June __11__, 2007) [#6]

Phillip Brown, the parent and next friend of "P.L.", a minor, has sued the Barbara Jordan Public Charter School ("BJCPS") for the full reimbursement of attorney's fees and costs. Currently before the Court is the plaintiffs' motion for summary judgment. Upon review of the pleadings and the applicable law, plaintiffs' motion is GRANTED.

### I. BACKGROUND

P.L. was expelled from the BJCPS's Special Education Program in August 2004. Shortly thereafter, plaintiffs requested a hearing before an Administrative Hearing Officer alleging that P.L.'s expulsion violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*. In October 2004, a Hearing Officer heard plaintiffs' complaint and ordered BJCPS to develop a Behavior Intervention Plan, update the Individualized Education Program and provide independent tutoring services for P.L.

Believing that they had prevailed on their IDEA claims, plaintiffs requested reimbursement of attorneys' fees and costs. When defendant refused to pay, plaintiffs brought suit in this Court. Plaintiffs have moved for summary judgment on their claims. Defendant has opposed the motion arguing, in essence, that plaintiffs' demand for attorney's fees is time-barred. For the following reasons, the Court disagrees.

## II.  STANDARD OF REVIEW

Under Rule 56, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). In deciding whether there is a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where the court finds that facts material to the outcome of the case are at issue, a case may not be disposed of by summary judgment. *Id.* at 248.

## III.  ANALYSIS

Under the IDEA, parents of a disabled child who prevail in securing special education services for their children are entitled to reimbursement of reasonable attorney's fees. 20 U.S.C. § 1415(i)(3). Here, the defendant does not dispute that the plaintiffs prevailed in their administrative action, nor that plaintiffs would have been

entitled to fees and costs. Instead, defendant argues that plaintiffs filed their complaint for attorneys' fees outside of, what it contends, is a thirty-day statute of limitations period for these IDEA claims. Unfortunately for defendant, its contention is not supported by binding precedent.

The IDEA, does not specifically include a statute of limitations provision for attorneys' fees claims. As a result, Courts have had to resort to importing limitations periods from analogous state law causes of action. *Kaseman v. District of Columbia,* 329 F.Supp.2d 20 (D.D.C. 2004). Here, defendant argues that the thirty-day limitation period for appeals from administrative decisions should be applied to claims for attorneys' fees. Not surprisingly, plaintiff disagrees and relies upon the decisions of several judges in this District who have rejected this argument and applied instead the D.C. Code's three-year limitation period. D.C. Code § 12-310(8); *Armstrong v. Vance,* 328 F.Supp.2d 50 (D.D.C. 2004); *Kaseman v. District of Columbia,* 329 F.Supp.2d 20 (D.D.C. 2004); *Akinseye v. District of Columbia,* 193 F.Supp.2d 134 (D.D.C. 2002), *rev'd on other grounds,* 339 F.3d 970 (D.C. Cir. 2003); *Smith v. District of Columbia,* No. 02-0373, slip op. (D.D.C. Sept. 19 2002); *but see Abraham v. District of Columbia,* 338 F.Supp.2d 113 (D.D.C. 2004)(thirty-day limitations period applied to attorneys' fees claim). In the absence of clear precedent from our Circuit Court to the contrary, this Court joins in the conclusion of its colleagues and adopts the D.C. Code's three year limitation period. Thus, as the Hearing Officer's determination was issued October 21, 2004, and plaintiffs

filed suit on August 18, 2006, their claims for attorneys' fees are timely. Accordingly, Plaintiffs' motion for summary judgment, the motion is GRANTED.

_/s/ Richard J. Leon_
RICHARD J. LEON
United States District Judge
