```
        IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA

PHILLIP BROWN,           *

    Plaintiff            * Case No. 1:06CV01458

v.                       * Judge Richard J. Leon

BARBARA JORDAN P.C.S.,   * Deck Type: Administrative Agency Review

    Defendant            *
```

## OPPOSITION TO PLAINTIFF'S CLAIMS FOR REASONABLE ATTORNEY'S FEES AND COSTS

COMES NOW the Defendant, Barbara Jordan P.C.S., by and through undersigned counsel, and opposes the Memorandum filed by the Plaintiff, Phillip Brown, in support of a claim for Attorney's Fees and Costs as follows:

**I. The Plaintiff's Have Not Submitted Sufficient Information.**

In order to state a claim for attorney's fees and costs in an action under the Individuals with Disabilities Education Act, Plaintiff has the burden of proving the reasonableness of their claim for fees and costs by submitting an invoice sufficiently detailed to permit the Court's meaningful review. Alfonso v. District of Columbia; 464 F.Supp.2nd 1 (D.D.C., 2006). The Plaintiff's Memorandum has appended to it a wealth of information concerning numerous attorneys in their firm, and an accurate chart of the "Laffey Matrix" as the same applies to attorney compensation. But said Memorandum contains no current

invoice of the fees and costs requested by the Plaintiff for each of the attorneys identified in the Memorandum.

The only invoice provided to the Defendants in this matter is the one appended to their initial Fee Application, dated 11/22/04. Copies of the cover sheet of said Application and of said invoice are attached hereto collectively as Exhibit "A" to this Opposition. The deficiencies of this invoice shall be detailed further herein, but as a point of departure, the absence of this, or any other invoice from Plaintiff's Memorandum renders it practically impossible for the Defendants to contribute – or for the Court to conduct – a meaningful review of cost and fees attributable to the attorneys identified in plaintiffs Motion. The relief prayed in Plaintiff's Memorandum should be denied for that reason.

**II. The Fees Set Forth in the 11/22/04 Invoice are Excessive.**

The Code of Federal Regulations forbids the award of legal fees for time and services which are excessive considering the nature of the action or proceeding. 34 CFR 300.513(c)(4)(iii). Such is the case with the bill submitted initially by the Plaintiff's counsel. Said bill contains charges for pre-hearing Individualized Education Plan (IEP) meetings, for numerous duplications of efforts by staff and attorneys, hourly rates for

-2-

staff in excess of the Laffey Matrix, overcharges for basic services such as faxes and copies, and a total far in excess of the statutory fee cap.

Both the CFR and the common law forbid compensation of attorneys for IEP meetings which are not ordered by administrative or legal proceedings. 34 CFR 300.513 (c)(2)(C)(ii), District of Columbia v. R.R.; No. 04-0266 (D.D.C., 10/06/2004). Plaintiff's counsel's bill reflects eight and a half hours of time expended in preparation and appearance at an IEP meeting prior to the hearing in this matter.

Duplicated billings for conferences between attorneys and staff, or for the attendance by both at legal proceedings have been held not to be compensable in any proceeding for attorney's fees. See Coleman v. District of Columbia; No. 03-00126(D.D.C., 05/03/2007). Plaintiff's counsel's bill contains more than seven hours of such duplication of effort including: a "monthly case status report" prepared on both 9/20 and 9/29 of 2004; the duplicated "review" and "discussion" of a Hearing Officer's Decision on 10/22 and 10/25 of 2004; the appearance of staff as well as the attorney at the administrative hearing itself.

Plaintiff's counsel's bill contains charges for the services of staff such as Michelle Moody and Yamileth Amaya at

-3-

rates of $175.00 per hour and $105.00 per hour respectively. The Court in Coleman; supra found that the Laffey Matrix rate for such non-legal professionals is a maximum of $50.00 per hour.

The Costs appended to plaintiff's counsel's bill are nothing short of shocking. They include $5.00 to send a fax of a hearing request on 8/31/04, $22.00 to send and receive individual faxes on 9/20/04, $51.00 to send a single fax on 9/24/04 and $212.00 for photocopies on the same date. A charge of $96.88 for bill preparation on 10/25/04 has no staff member or amount of time attributed to it. These charges are excessive to say the least. The should be reduced at least, if not stricken in their entirety.

Finally, the D.C. Appropriations Act caps the fees payable from District of Columbia funds at $4,000.00. See Section 122 of P.L. 109-115. While a court may award fees in excess of this amount, no more than this amount may be paid from funds appropriated by the District of Columbia budget. See Alfonso; supra. The total amount claimed in Plaintiff's counsel's bill ($8,776.28) far exceeds this statutory cap of fees and costs payable with funds appropriated by the District of Columbia. While Defendant is a charter school, so significant an amount of its funds come from District of Columbia appropriated funds that it would be practically impossible to segregate them. At the

-4-

very least a formulaic reduction in fees required to be paid by charter schools (regardless of amounts claimed or awarded in legal proceedings) should be devised. In the absence of such formula, the Court should at least be mindful of the relationship of the statutory fee cap to the budget of the Defendant charter school in this proceeding.

WHEREFORE, the Defendant prays that the relief sought by the Plaintiff be denied, in whole, if not at least in part.

Respectfully submitted,

MADDOX, HOPPE, HOOFNAGLE & HAFEY, L.L.C.

By __/s/ Jon A. Hoppe_____
   Jon A. Hoppe, Esquire (438866)
   Counsel for Defendant
   1050 Seventeenth Street, NW #1000
   Washington, D.C. 20036
   (202) 776-0647

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of July, 2007, a true copy of the foregoing Opposition was mailed, postage prepaid, to James E. Brown and Associates, PLLC, 1220 L Street, NNW #700, Washington, D.C. 20005.

___/s/_____
Jon A. Hoppe

**EXHIBIT "A"**