IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP BROWN, )<br>parent and next friend of P.L., a minor )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>BARBARA JORDAN P.C.S. )<br> )<br>Defendant. )<br> ) | Civil Action No.: 06-01458 (RJL) |

**RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CLAIMS FOR REASONABLE ATTORNEY FEES AND COSTS**

COMES NOW, the Plaintiffs, by and through their attorneys, Roxanne D. Neloms of James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Response to the Defendant's Opposition to the Plaintiffs', respectfully represent unto this Honorable Court as follows:

**I. PLAINTIFFS HAVE SUBMITTED SUFFICIENT INFORMATION TO SUPPORT A CLAIM FOR REASONABLE ATTORNEYS FEES AND COST.**

In its papers the Defendant requests that this Honorable Court deny the Plaintiffs request for reasonable attorney fees and cost because of deficiencies in the Plaintiffs' Fee Application. The Defendant argues that the memorandum regarding fees only contains the initial invoice submitted and supplied to the Defendant in November 2004. Lack of a current invoice, the Defendant argues, "renders it practically impossible for the Defendant's to contribute -or for the Court to conduct- a meaningful review of cost and fees attributable to the attorneys identified in plaintiffs Motion." ***See Defendant's Opposition to the Plaintiffs' Fee Application for Reasonable Attorney Fees***. The

arguments set forth by the Defendant fail as the Plaintiffs attached copies of the initial and current invoices with its fee application. In their fee application submitted on July 12, 2007, a copy of the initial invoice along with a current invoice (reflecting the application of the *Laffey* Matrix) and an invoice regarding appellate work was readily attached. **See Docket Sheet, Exhibits 3, 7, 8 respectively**. The Court should this argument lodged by the Defendant is without merit and grant the Plaintiffs reasonable attorneys' fees at both the administrative and appellate level.

## II.  FEES REQUESTED ARE REASONABLE.

The Defendant argues that the fees set forth in the November 22, 2004-invoice is excessive. First the Defendant fails to challenge the correct invoice and as noted in the previous section, current invoices were attached and submitted electronically. The prevailing party shoulders the burden of providing the Court with sufficient evidence to support its request for reasonable fees. That burden, however is satisfied with the "submission of [invoices] sufficiently detailed to allow a judicial determination of whether the hours claimed are justified." See *Holbrook v. Dist. of Columbia,* 305 F. Supp. 2d 41, 45 (D.D.C. 2004)(quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1323 (D.C. Cir. 1982). "The invoices 'need not present the exact number of minutes nor the precise activity to which each hour was devoted to the specific attainments of each attorney. See *Lax v. Dist. of Columbia*, 46 IDELR 37, (D.D.C. 2006)(quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1323 (D.C. Cir. 1982).

Then "the burden of proceeding then shifts to the party opposing the fee award, who must submit facts and detailed affidavits to show why the applicant's request should be reduces or denied. . . .[A]n opposing party does not meet his burden merely by asserting broad challenges to the application, it is not enough for an opposing party to state, for example, that the hours claimed are

excessive and the rates submitted to high." *Id.* The Defendant argues that invoices submitted on behalf of the Plaintiffs' contain numerous duplications, hourly rates that are in excess of the *Laffey* Matrix, and overcharges for basic service for faxes and copies. However, the Defendant fails to sufficiently outline those challenges thereby interfering with the Plaintiffs ability to defend said challenges. Nevertheless, the Plaintiffs believe that the submitted invoices contain sufficient detail to aid the Court in determining whether the fees requested are reasonable.

### III. THE DISTRICT OF COLUMBIA APPROPRIATIONS BILL DOES NOT APPLY TO CHARTER SCHOOLS

The Defendant argues that the D.C. Appropriations Act ("The Act"), which caps attorney fees in IDEIA matters to $4000.00, should apply to charter schools. He acknowledges that "the Act" only applies to the District of Columbia Public Schools, however, he urges the application of "the Act" to charter schools is warranted because charter schools receive their funding from the District of Columbia. While this is an interesting argument, it is certainly not a novel one. "The Act" itself states that the fee cap only applies to matters where the IDEIA actions are brought against the District of Columbia Public School System. The application thereof has already been decided in the *Dist. of Columbia v. R.R., et al*, 44 IDELR 184 (D.D.C. 2005), where the Court stated that "[w]hen Congress wants to use an appropriations act to limit court authority, it knows how to precisely how to do so." (quoting *Calloway v. Dist. of Columbia*, 342 U.S. App. D.C. 110, 216 F. 3d 1 (D.C. Cir. 2000). Thus, "[t]he plain meaning of the statute indicates that the fee cap applies only in actions brought against the District of Columbia. *Id*. at *R.R*., et al. Based on the foregoing, the Defendant arguments fail the Courts have no authority to apply the District of Columbia Appropriations Act to charter schools and must find in favor of the Plaintiffs.

## IV. CONCLUSION

Therefore, for the above reasons the Plaintiffs respectfully request that this Honorable Court enter an Order granting the Plaintiffs' Motion for Attorney Fees for fee incurred at the administrative and appellate levels.

Respectfully Submitted,

/s/
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
(202)742-2000
***Attorney for Plaintiffs***
