UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

| | |
|---|---|
| PHILLIP BROWN, Parent and Next Friend of P.L, a minor     ) ) ) | |
| Plaintiffs,     ) ) | |
| v.     ) ) | Civil Case No. 06-1458 (RJL) |
| BARBARA JORDAN P.C.S.     ) ) ) ) | |
| Defendant.     ) ) | |

## MEMORANDUM OPINION
(March 2⟨S⟩, 2008) [#12]

Phillip Brown, the parent and next friend of "P.L.," a minor, prevailed on a summary judgment motion against the Barbara Jordan Public Charter School ("BJPCS") for the reimbursement of attorneys' fees and costs. Currently before the Court is the plaintiffs' application for those expenses. Upon review of the motions and the applicable law, plaintiffs' application is GRANTED and plaintiffs are awarded $12,907.24.

### BACKGROUND

P.L. was expelled from the BJPCS's Special Education Program in August 2004. Plaintiffs prevailed on an Individuals with Disabilities Education Act ("IDEA") action before an Administrative Hearing Officer and subsequently requested reimbursement of attorneys' fees and costs. When defendant refused to pay, plaintiffs brought suit in this Court. The Court found in plaintiffs' favor and ordered them to file an application for



attorneys' fees. The petitions at issue in the instant case followed, and defendant argues that plaintiffs' fee application is unreasonable and in excess of the statutory limit for such payments. For the following reasons, the Court disagrees.

## ANALYSIS

### I. Reasonableness of Plaintiffs' Claimed Fees

The proper starting point for measuring attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To prove the attorneys' rates are reasonable, plaintiffs must submit evidence of: (1) the attorneys' billing practices; (2) the attorneys' skill, experience, and reputation; and (3) the prevailing market rates in the relevant community. *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). Plaintiffs have satisfied that burden in this case. The invoices and affidavits detail the work performed by the attorneys and the typical rates charged by each attorney for that work. The affidavits and resumes specify the qualifications, experience, and skills of the attorneys involved in this case. The fees assessed by the plaintiffs' attorneys are comparable to prevailing rates for special education cases, as these rates comport with the updated version of the *Laffey* matrix and are customary for similar work. Pl. App., Ex. 2; *Lopez v. District of Columbia*, 383 F. Supp. 2d 18, 24 (D.D.C. 2005) (attorneys' fees in IDEA cases are reasonable if they conform to the *Laffey* matrix). Based on these materials, the Court finds plaintiffs' claims for attorneys' fees to be reasonable.

Because plaintiffs have satisfied their burden, defendant must show, through "specific contrary evidence," that plaintiffs' award amount should be reduced. It has not! *Lax v. District of Columbia*, No. 04-01940, 2006 U.S. Dist. LEXIS 46888, at *6 (D.D.C. July 12, 2006) (quoting *Covington*, 57 F.3d at 1109-10). However, while defendant's vague allegations that plaintiff's amounts are "excessive" are insufficient to bar recovery, *id.* at *15,[1] defendant is correct in arguing that plaintiffs should not be reimbursed for expenses "relating to any meeting of the IEP Team unless that meeting is convened as a result of an administrative proceeding or judicial action." 20 U.S.C. § 1415(i)(3)(D)(ii); *see also Alfonso v. District of Columbia*, 464 F. Supp. 2d 1, 7 (D.D.C. 2006). Indeed, plaintiffs have provided no evidence that three entries in their attorneys' invoices directly relating to IEP meetings (i.e. $232.75 on September 6, 2004; $875 on September 7, 2004; and $350 on September 8, 2004) were convened in response to an administrative proceeding or judicial action. Accordingly, these costs will be deducted from plaintiffs' total reimbursement.

## II. Statutory Cap Under the District of Columbia Appropriations Act

Defendant further argues that plaintiffs' fee request must be capped at $4,000 pursuant to the District of Columbia Appropriations Act because a portion of its charter school budget comes from District of Columbia funds. The plain language of the statute, however, makes clear that the fee cap limits the financial exposure of the District of

---

[1] "[A]n opposing party does not meet his burden by simply stating, for example, that the hours claimed are excessive and the rates submitted too high." (internal citations and quotations omitted).

3

Columbia Public Schools, *not* the exposure of any school that happens to receive District of Columbia funds. The Act prohibits the payment of "the fees of an attorney who represents a party in an action . . . brought against the *District of Columbia Public Schools* under [IDEA] in excess of $4,000 for that action." Pub. L. No. 108-335, § 327, 118 Stat. 1322, 1344 (2005) (emphasis added); *see also Calloway v. District of Columbia*, 216 F.3d 1, 4 (D.C. Cir. 2000) (the fee cap "limited the *District's* fee payments under IDEA") (emphasis added). Accordingly, the $4,000 cap is not applicable to BJPCS.

### III. Amount of Award

Thus, to calculate the exact amount to be awarded, the Court: (1) added the amounts requested in plaintiffs' invoices – $7,886.80 for August 31, 2004 to October 25, 2004 and $7,864.89 for February 23, 2006 to July 12, 2007, Pl. App., Exs. 7, 8; and then (2) subtracted the amount billed for the filing of the application for attorneys' fees in this Court ($1,386.70)[2] and the costs associated with IEP meetings ($1,457.75). As a result, the Court hereby awards plaintiffs attorneys' fees in the amount of $12,907.24.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

---

[2] The Court does not customarily award reimbursement for these charges.